# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

DAVID JOHN CONKLIN,

        Plaintiff,

v.

COMCAST,

        Defendant.

Civil No. 12-370 (SRN/TNL)

**REPORT  
&  
RECOMMENDATION**

## I. INTRODUCTION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court **RECOMMENDS** that Plaintiff's IFP application be **DENIED**, and that this action be summarily **DISMISSED** for lack of subject matter jurisdiction.

## II. BACKGROUND

Plaintiff is attempting to sue a Defendant identified as "Comcast." Defendant Comcast apparently provided some type of cable or internet service to Plaintiff for some period of time prior to August 6, 2011. On that date, Plaintiff cancelled his service agreement with Defendant. Defendant, however, continued to send bills to Plaintiff for

$85.91.  Plaintiff contends that he has fulfilled all of his obligations to Defendant, and he owes Defendant nothing.

In October 2011, Plaintiff received a notice from a debt collection agency, which indicated that he still owed Defendant $85.91.  Plaintiff explained to the debt collection agency that he had already fully satisfied all of his obligations to Defendant.  Plaintiff's Complaint does not indicate whether either Defendant or the debt collection agency made any further requests for payment thereafter.

Plaintiff is now attempting to sue Defendant for "Assault, Libel & Slander."  (*See* "Civil Cover Sheet" filed with Plaintiff's complaint.)  He claims that "[t]his slander and defamation has caused me a great deal of emotional distress, stress, sleepless nights, too much sleeping during the day, an inability to think things through carefully and exasperated [sic] my existing depression."  (Complaint, [Docket No. 1], p. 4.)  Plaintiff is seeking a judgment against Defendant in the amount of $10,000,000.00.

Plaintiff's complaint indicates that subject matter jurisdiction purportedly exists only by reason of diversity of citizenship.  (Complaint, p. 3, "Jurisdiction.")  The Court, however, finds that Plaintiff cannot satisfy the statutory requirements for diversity jurisdiction for the reasons discussed below.

### III.   DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*."  *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405

U.S. 926 (1972), (citing *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

In this case, nothing in Plaintiff's complaint suggests that his claims against Defendant are based on the federal Constitution, or on any laws or treaties of the United States.  The complaint form that Plaintiff used directed him to identify any federal question at issue in this case.  (See Complaint, p. 3, "Jurisdiction.")  That section of Plaintiff's complaint has been left blank, which supports that Plaintiff's claims are not based on any federal law.  Furthermore, it appears that Plaintiff's claims are based on some state common law tort theory—perhaps slander, defamation, or intentional inflicting of emotional distress.  Therefore, subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331.

Furthermore, it is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332.  Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  Plaintiff alleges that for purposes of the diversity of citizenship statute he is a citizen of Minnesota, and Defendant is a citizen of Pennsylvania.  (Complaint, p. 3, "Jurisdiction.")  That allegation, if true, would satisfy the first requirement of the diversity of citizenship statute.  The second statutory requirement (i.e., the amount in controversy requirement) is not satisfied in this case.

In order to meet the statutory amount in controversy requirement, a plaintiff must allege facts in his complaint, which show that his damages, if proven, will exceed the jurisdictional minimum of $75,000.00.  Although the amount of damages demanded in the complaint normally will determine whether the amount in controversy requirement is satisfied, the demand of the pleading is not conclusive in every case.  Regardless of how much money the plaintiff is requesting, federal courts can, and should, refuse to entertain diversity cases where it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Here, Plaintiff's complaint indicates that he is seeking a judgment in the amount of $10,000,000.00; but nothing in the complaint suggests that Plaintiff could possibly be entitled to a judgment for even a tiny fraction of that amount, and that any such amount is less than $75,000.00 as a legal certainty based on Plaintiff's assertions.  The amount that Defendant once sought to collect from Plaintiff was only $85.91, and as far as the Court can tell, Defendant is no longer trying to collect even that small amount from Plaintiff.

The Court recognizes that Plaintiff is not presently challenging Defendant's efforts to collect $85.91 per se, but rather, he is seeking compensation for alleged injuries to his reputation and emotional well-being caused by Defendant's past collection efforts.  Thus, the amount in controversy is not necessarily limited to the $85.91 that Defendant allegedly tried to collect from Plaintiff.  Plaintiff, however, has not alleged any facts showing that he actually suffered any meaningful injury to his reputation or emotional well-being.

Plaintiff has alleged no facts suggesting that anyone in his community has been aware of Defendant's alleged efforts to collect $85.91 from him; and even if others were aware of those efforts, there are no allegations suggesting that Plaintiff's reputation in the community actually was harmed as a result of Defendant's alleged debt collection efforts. Thus, Plaintiff has not shown that he could recover any damages based on a slander or defamation claim. *See Hong Chen v. Mar*, No. A10-1908, 2011 WL 2119406 at *3 (Minn. App. 2011) ("[a] defamation claim requires that the statement in question be false, be communicated to someone other than the plaintiff, and tend to harm the plaintiff's reputation in the community"). There certainly are no allegations suggesting that Plaintiff suffered any damage to his reputation in the community that could entitle him to a judgment for more than $75,000.00.

Plaintiff further claims that he has suffered some emotional harm as a result of Defendant's allegedly wrongful collection efforts. There is, however, no reason to believe that any reasonable person would suffer serious emotional harm as a result of the events described in Plaintiff's complaint. Thus, it is highly doubtful that Plaintiff has alleged any actionable claim for relief based on Defendant's alleged infliction of emotional distress. *See Johnson v. Spencer*, No. A08-108, 2008 WL 5335443 at *2 (Minn. App. 2008) (to sustain a claim for intentional infliction of emotional distress under Minnesota law, the defendant's "'[e]xtreme and outrageous [conduct] must be so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community'" and the "[e]motional distress must be so severe 'that no reasonable man could be expected to endure it'") (*quoting Hubbard v. United Press Int'l, Inc.*, 330

N.W.2d 428, 438-39 (Minn. 1983)). Plaintiff certainly has not alleged any facts that would allow a judge or jury to award him more than $75,000.00.

## IV. CONCLUSION

In sum, the Court finds that federal subject matter jurisdiction does not exist in this case under either the federal question statute, or the diversity of citizenship statute. Plaintiff has not presented any claim based on federal law that could give rise to subject matter jurisdiction under the federal question statute, and Plaintiff's state law tort claims cannot be entertained under the diversity of citizenship statute, because it plainly appears from his submissions that he cannot satisfy the $75,000.00 amount in controversy requirement. The Court, therefore, recommends that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

## V. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: February 24, 2012

                                                   *s/ Tony N. Leung*
                                                   TONY N. LEUNG
                                                   United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **March 12, 2012**.